UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIA N. SANCHEZ,

    Plaintiff,

v.                                Case No. 8:20-cv-2707-T-33SPF

USAA GENERAL INDEMNITY
COMPANY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

**Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff Mia N. Sanchez initiated this motor vehicle accident insurance action in state court on October 12, 2020. (Doc. # 1-1). Thereafter, on November 17, 2020, Defendant

1

USAA General Indemnity Company removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

Here, the complaint does not specify the amount of damages sought. (Doc. # 1-1 at ¶ 1) ("[T]his is an action for damages in excess of Thirty Thousand . . . Dollars."). Instead, in its notice of removal, USAA relies on Sanchez's automobile insurance, which provides coverage up to "$50,000 per person multiplied by two vehicles, for a total amount of $100,000 per person," as well as a civil remedy notice seeking

the policy limits, to establish the amount in controversy. (Doc. # 1 at ¶¶ 3, 9).

However, upon review of USAA's notice of removal, the Court was "unable to determine whether the amount in controversy has been met by Sanchez's damages claim without engaging in heavy speculation." (Doc. # 4). The Court then gave USAA an opportunity to provide additional information to establish the amount in controversy. (Id.).

USAA has now responded to the Court's Order in an attempt to establish this Court's diversity jurisdiction. (Doc. # 6). But USAA still fails to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. In its response, USAA reiterates its position that the limit of Sanchez's insurance policy – $100,000 – establishes that the amount in controversy exceeds $75,000. (Id. at ¶ 6). USAA also relies on Sanchez's civil remedy notice and two pre-suit demand letters, in which she asks for the limits of the insurance policy. (Id. at ¶ 7-8).

However, the only concrete damages here are $31,342.83 in past medical expenses, which were included in one of Sanchez's pre-suit demand letters. (Doc. # 6-2 at 5). Although USAA attempts to use the portion of the demand letters seeking the policy limits as evidence of an amount in controversy in

3

excess of $75,000, demand letters do not automatically establish the amount in controversy. See Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purposes of diversity jurisdiction"); Piazza v. Ambassador II JV, L.P., No. 8:10-cv-1582-T-23EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010) (same). Sanchez's civil remedy notice is equally unhelpful. See Green v. Travelers Indem. Co., No. 3:11-cv-922-J-37TEM, 2011 WL 4947499, at *3 (M.D. Fla. Oct. 18, 2011) ("Civil [r]emedy [n]otices say nothing about the amount in controversy. They are precursors to bad-faith-failure-to-settle claims that may be brought against an insurer in the future.").

Additionally, Sanchez's policy limit is no more illuminating. "In determining the amount in controversy in the insurance context, . . . it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy." Martins v. Empire Indem. Ins. Co., No. 08-60004-CIV, 2008 WL 783762, at *2 (S.D. Fla. Mar. 21, 2008) (quotation omitted); see also Amerisure Ins. Co. v. Island Crowne Developers, L.C., No. 6:10-cv-221-Orl-28DAB,

4

2010 WL 11626694, at *2 (M.D. Fla. Apr. 28, 2010) ("[A] showing that the policy amount exceeds $75,000 does not in and of itself establish that the amount in controversy requirement has been met because the value of the underlying claim may be for less than the policy limits[.]").

Therefore, USAA has failed to persuade the Court that the amount in controversy exceeds $75,000. The only concrete past medical expenses in this case fall below $32,000 and no information has been provided about other categories of damages. Thus, USAA has not carried its burden of establishing this Court's diversity jurisdiction. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **REMAND** this case to state court because the Court lacks subject-matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of November, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5